IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARLON SMITH, § | | |
| BCADC No. 368765, § | | |
| TDCJ No. 1290595, § | | |
| § | | |
| Plaintiff, § | CIVIL ACTION NO. | |
| v. § | | |
| § | SA-03-CA-0881 NN | |
| SAUL ZUNIGA, § | | |
| ROLANDO ESPINOSA, § | | |
| FERNANDO RODRIGUEZ, § | | |
| FREDERICK FELICIANO, § | | |
| ALEX URRIEGAS, § | | |
| PATRICK GRANADO, and § | | |
| ERICH ARREDONDO, § | | |
| § | | |
| Defendants. § | | |

**MEMORANDUM OPINION AND ORDER**

The matter before the Court is the status of proceedings against defendant Patrick Granado.

Plaintiff, Marlon Smith filed suit, *pro se* and *in forma pauperis,* approximately three years ago alleging defendants violated his civil rights under 42 U.S.C. § 1983 by subjecting him to an unreasonable and unnecessary excessive use of force on July 4, 2003. Specifically, plaintiff alleged that Defendants, all of whom were officers assigned to the Second Shift Special Emergency Response Team (SERT) on the night in question, used excessive force when they extracted plaintiff Smith from his cell at the Bexar County Adult Detention Center. After addressing a Motion to Dismiss which dismissed many defendants, and a Summary Judgment Motion in which another defendant was dismissed and two remained, and in anticipation of trial, I appointed counsel on June 16, 2005, to

represent plaintiff Smith in these proceedings.

On April 11, 2006, on the eve of the scheduled trial, I became aware that defendant Granado, who had been added as a party defendant in January of this year, had not yet been served by plaintiff despite plaintiff's attempts to do so. I then issued an Order that plaintiff Smith's claims against defendant Granado be the subject of a separate trial noting that Granado was no longer employed by Bexar County, was no longer living in Texas, was currently on active military duty, and either deployed to Iraq or awaiting deployment from Ft. Polk, Louisiana to Iraq.

On Monday, April 17, 2006, bench trial proceedings against the remaining six defendants commenced. Over the course of two days, I heard testimony from plaintiff Smith and 18 witnesses, including the six remaining defendants. I also reviewed approximately 27 exhibits.

After careful and thorough consideration of all applicable law, the trial testimony and documentary evidence, I issued Findings of Fact and Conclusions of Law on May 4, 2006, finding that plaintiff Smith failed to prove by a preponderance of the evidence that any of the defendants subjected plaintiff to an unreasonable and unnecessary excessive use of force in violation of 42 U.S.C. § 1983 when defendants extracted him from his cell on July 4, 2003. I also found that each defendant was entitled to qualified immunity because defendants reasonably executed the cell extraction under the circumstances and none of the defendants used force maliciously or sadistically.

The only remaining claims before this Court are those against defendant Granado, a member of the SERT team on the night in question. Pursuant to 28 U.S.C. § 1915(e)(2)(B) I am authorized to review the claims presented by a prisoner who has been granted *in forma pauperis* at any time and dismiss the case if I determine the claims presented are frivolous or malicious, the action fails to state a claim on which relief may be granted, or monetary relief is being sought against a defendant who

is immune from suit.

In this case, since the time I granted leave to amend the complaint to add defendant Granado, I conducted a non-jury trial and heard extensive evidence presented by plaintiff through counsel concerning his allegations of use of excessive force by the entire SERT team of which defendant Granado was a member. Plaintiff's claims against Granado rely on the same evidence as that presented against the other defendants during the two day trial; there is no other evidence which would be available to support a claim against defendant Granado which I have not heard and considered in the context of determining whether the other members of the SERT team were liable for the events occurring on July 4, 2003.

During the two day trial, approximately 18 witnesses testified. The testimony described Granado's participation in the cell extraction. I also had the opportunity to review documentary exhibits which included Granado's incident report of the extraction and his affidavit submitted in support of an earlier motion. In my Findings of Fact and Conclusions of Law I concluded that although plaintiff's injuries were significant, the force used by defendants was consistent with the objective of removing plaintiff Smith from his cell, and plaintiff's injuries resulted from defendants' good faith attempts to carry out that objective. I also found that *no* SERT member used his fists or batons, or kicked Smith into compliance. Accordingly, I concluded that the defendants did not violate plaintiff's constitutional rights and were not liable under section 1983 for subjecting him to an excessive use of force. Because the trial testimony and exhibits showed that the defendants did not violate Smith's constitutional civil rights during the cell extraction on July 4, 2003, I also found the defendants were entitled to qualified immunity. Based on my extensive review of the record developed at trial, I conclude that there is no other evidence which could be presented which was not

tendered at trial which would implicate Granado and establish liability under section 1983 for the events on July 4, 2003.

Accordingly, pursuant to 28 U.S.C. § 1915(e)(2)(B), I find that plaintiff's complaint fails to state a claim on which relief may be granted as against defendant Granado and further that defendant Granado is entitled to qualified immunity. It is therefore **ORDERED** that plaintiff Smith's claims against defendant Granado in his individual and official capacity be and hereby are **DISMISSED with prejudice.**

**SIGNED** on June 6, 2006.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE